SHERMAN M. SPITZ, Esq. (SBN 82944)
sspitz@bergerkahn.com
DALE A. AMATO, Esq. (SBN 137965)
damato@bergerkahn.com
BERGER KAHN, A Law Corporation
10085 Carroll Canyon Road, Suite 210
San Diego, California  92131
Tel: (858) 547-0075  •  Fax:  (858) 547-0175

Attorneys for Defendant STATE FARM BANK, F.S.B.

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAMELA S. GRAZER,<br><br>    Plaintiff,<br><br>vs.<br><br>STATE FARM BANK, F.S.B;  and DOES 1-10,<br><br>    Defendants. | CASE NO.<br><br>(Kern County Superior Court Case No. BCV-20-102260)<br><br>**DEFENDANT STATE FARM BANK, F.S.B.'S PETITION FOR REMOVAL PURSUANT TO 28 U.S.C. §1441**<br><br>Complaint filed: September 28, 2020 |

BERGER KAHN
*A Law Corporation*

BERGER KAHN
*A Law Corporation*

1      **TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN**

2  **DISTRICT OF CALIFORNIA, ALL PARTIES AND THEIR ATTORNEYS**

3  **OF RECORD:**

4      **PLEASE TAKE NOTICE** that Defendant State Farm Bank, F.S.B.,

5  ("SFB") hereby removes to this court, pursuant to 28 U.S.C. §1441, the state court

6  action described below:

7      1.     On September 28, 2020, an action was commenced in the Kern

8  County Superior Court entitled *Pamela Grazer v. State Farm Bank, F.S.B.,* Kern

9  County Superior Court Case No. BCV-20-102260 (hereinafter "the state court

10  action").

11      2.     On October 21, 2020, the summons and complaint in the state court

12  action were served on SFB through its registered agent for service of process.  A

13  true and correct copy of the state court action summons and complaint is attached

14  as Exhibit 1 (hereinafter the "Complaint").  A true and correct copy of the proof of

15  service on State Farm's registered agent for service of process is attached as

16  Exhibit 2.

17      3.     On November 12, 2020, SFB filed its answer to the complaint in Kern

18  County Superior Court.   A true and correct copy of the SFB's state court file-

19  stamped answer is attached as Exhibit 3.

20      4.     This is a civil action that may be removed by SFB to the United States

21  District Court for the Eastern District of California, pursuant to the provisions of

22  28 U.S.C. §1441(c).   Federal question jurisdiction arises under the Real Estate

23  Settlement Procedures Act ("RESPA"), 12 U.S.C. §2601, et seq.   Removal of a

24  state court action to federal court must be made within 30 days after receipt of the

25  first pleading in state court that sets forth a basis for removal.  28 U.S.C. §1446.

26      5.     The facts supporting removal must be evident on the face of the

27  complaint.  Notice of removability is determined by the "four corners of the

28  complaint, and not through subject knowledge or duty to make further inquiry."

---

1

*Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005); *Lovern v. General Motors Corp.*, 121 F.3d 160, 162 (4th Cir. 1997). The grounds for removal (i.e., federal question or diversity of citizenship) must be *"unequivocally clear and certain"* to start the 30-day removal period running. *Bosky v. Kroger Texas, LP*, 288 F.3d 208, 211 (5th Cir. 2002) (emphasis added).

6.      Here, the complaint asserts various claims against State Farm, including the third cause of action for a violation of RESPA by allegedly failing to respond to a Qualified Written Request ("QWR") regarding the plaintiff's mortgage loan account. (*See*, Exhibit 1 at ¶¶25-31).

7.      It has been less than 30 days since SFB was served with the complaint.

Accordingly, the requirements for removal have been established and SFB prays that this action be removed from the Kern County Superior Court to the United States District Court for the Eastern District of California.

**PLEASE TAKE NOTICE** that the content of this Petition for Removal is acceptable to all persons required to sign this document and it has been agreed to by all parties required to sign this document that his or her electronic signature can be affixed to this document.

DATED: November 16, 2020                    BERGER KAHN, A Law Corporation

By: /s/ Dale A. Amato
       DALE A. AMATO
       Attorneys for Defendant STATE
       FARM BANK, F.S.B.

BERGER KAHN
*A Law Corporation*

**DEFENDANT STATE FARM BANK'S PETITION FOR REMOVAL PURSUANT TO 28 U.S.C. §1441**

# EXHIBIT 1

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
9/29/2020
Kern County Superior Court
By Sophia Munoz Alvarez, Deputy

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
STATE FARM BANK, F.S.B.; and DOES 1-10

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

PAMELA S. GRAZER

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Kern County
1215 Truxtun Ave SM 1415 TRUXTUN AVE
Bakersfield, CA 93301

**CASE NUMBER:** *(Número del Caso):*
BCV-20-102260

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Randy Chang/The Chang Firm 7755 Center Ave., Ste 1100 Huntington Beach, CA 92647 Tel 81 399-8095 SBN 37618

DATE:
*(Fecha)* 9/29/2020 .

TAMARAH HARBER-PICKENS

Clerk, by
*(Secretario)* _____, Deputy
*(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

[SEAL]

NOTICE TO THE PERSON SERVED: You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* State Farm Bank, F.S.B.

under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)      ☐ CCP 416.90 (authorized person)
☒ other *(specify):* CCP 415.95 (Business organization form unknown)

4. ☐ by personal delivery on *(date)*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

ELECTRONICALLY FILED
9/28/2020 8:00 AM
Kern County Superior Court
By Sophia Munoz Alvarez, Deputy

Randy Chang
The Chang Firm
7755 Center Avenue, Ste 1100
Huntington Beach, CA 92647
Tel 818-599-8095
Fax 866-541-8491
Email: Randyc@thechangfirm.com

Attorney for Plaintiff
PAMELA S. GRAZER

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF KERN

| | |
|---|---|
| PAMELA S. GRAZER<br><br>Plaintiff<br><br>vs.<br><br>STATE FARM BANK, F.S.B.; and DOES 1-10<br><br><br>Defendant | Case No.: BCV-20-102260<br><br>COMPLAINT FOR MONEY DAMAGES<br><br>UNLIMITED<br><br>1. BREACH OF CONTRACT<br>2. BREACH OF GOOD FAITH AND FAIR DEALING<br>3. RESPA VIOLATION – FAILURE TO RESPOND TO QUALIFIED WRITTEN REQUEST |

Plaintiff PAMELA S. GRAZER alleges as follows:

### PARTIES

#### A. Plaintiff

1.      Plaintiff, PAMELA S. GRAZER ("GRAZER"), is, and at all times herein mentioned was, a California residing within the above-cited jurisdiction.

#### B. Defendant

2.      Defendant State Farm Bank, F.S.B. ("State Farm"), is and at all times herein mentioned was, a Federal Savings Bank who does business within the above cited jurisdiction.

C. Doe Defendants

3.    Defendants DOES 1-10, inclusive, are sued herein under fictitious names, their true names and capacities being unknown to Plaintiff. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiffs are informed and believe and thereby allege that each of the fictitiously named Defendants is responsible for the occurrences herein alleged and that Plaintiffs damages as herein alleged were proximately caused by such Defendant. Plaintiffs also allege that each named Defendant and fictitiously named Defendant is and was the agent of each other Defendant.

### JURISDICTION

4.    Jurisdiction is proper because the contract was created and performed within the above cited jurisdiction.

### VENUE

5.    Venue is proper because the defendant does business within the above cited jurisdiction.

### COMMON FACTS AND ALLEGATIONS

6.    State Farm operates a bank which extend loans, including mortgage loans to public at large.

7.    Plaintiff is one of those borrowers who borrowed money from State Farm secured by her primary residence, 1766 W Dolphin Avenue, Ridgecrest, CA 93555. The last four account for the loan number was 0353.

8. After Plaintiff's husband passed away, Plaintiff received life insurance proceeds. She made payments to State Farm for $20,000 in August 2018 (she was told to make 2 separate payments of $9,999 by State Farm, so she did). Plaintiff, an elderly woman, was distraught by the passing of her husband, suffered massive heart attack that almost ended her life prematurely. Luckily, she survived. In October 2018, she made another $20,000 payment to her State Farm mortgage. Her intention was to use the $20,000 to pay off the deferred principal and the remaining to the mortgage balance. The $40,000 was shown credited in her mortgage loan account on her November 2018 mortgage statement.

9. However, despite receiving the $40,000 from the Plaintiff, State Farm reversed the $40,000 on her December 2018 mortgage statement.

10. Due to Plaintiff's health, Plaintiff's daughter was the one who contacted State Farm - both in writing and by telephone - and was giving consistently the run arounds.

11. For reasons State Farm has yet to explained, the entire $40,000 she paid has not been accounted.

12. At one time, a State Farm loan servicer specialist had represented that State Farm had sent Plaintiff a voided check for $16,737.60. It was difficult to understand why State Farm did what it did since the money had been deducted from her bank account to State Farm but was not credited to her account and never refund the overpayment.

13. Due to the ongoing dispute and confusion, Plaintiff sued herein for refund of her over payment and other damages she incurred as a result.

## FIRST CAUSE OF ACTION

## BREACH OF CONTRACT

14.   Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

15.   Plaintiff and Defendant entered into a valid enforceable written contract.

16.   Plaintiff complied with all aspect of the contractual obligations and have not breach any of obligations except for those obligations it couldn't perform or was excuse from performance.

17.   Defendants breached the agreement by failure to provide accurate accounting and refund the over payment of $40,000 despite the loan having been completely paid off this year.

18.   As a result of the above breaches, it is foreseeable that Plaintiffs would sustain certain losses, including incidental and consequential damages to a sum according to proof at trial.

## SECOND CAUSE OF ACTION

## BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

19.   Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

20.   The concept of good faith and fair dealing was first formulated by the California courts in insurance contracts. But it is clear that it has reference to all contracts. The doctrine was explained in *Comunale v. Traders & General Ins. Co.* (1958) 50 Cal.2d 654, 658, by the following observation: "There is *an implied covenant of good faith and fair dealing* in *every contract* that neither party will do anything which will injure the right of the other to receive the benefits of the agreement." (Italics added.)  The duty which arises from the covenant of good faith and fair dealing is unconditional and independent in nature; it is not controlled by events in

the same manner as conditions precedent or subsequent. *Gruenberg v. Aetna Ins. Co.* (1973) 9 Cal.3d 566, 578.

21.     An action for breach of the implied covenant of good faith and fair dealing requires an underlying agreement of some sort (contract, letter of intent, preliminary agreement to use best efforts to agree, etc.). *Racine & Laramie, Ltd. v. Dep't of Parks and Recreation*, 11 Cal. App. 4th 1026, 1031-32, 1033 n.4, 14 Cal. Rptr. 335, 338-39, 340 n.4 (1992); *Smith v. City and County of San Francisco*, 225 Cal. App. 3d 38, 49, 275 Cal. Rptr. 17, 24 (1990); *Peterson Dev. Co. v. Torrey Pines Bank*, 233 Cal. App. 3d 103, 116, 284 Cal. Rptr. 367, 375 (1991).

22.     Seller Defendants breached the covenant of good faith dealing when they failed to disclose material facts as stated throughout this complaint.

23.     Plaintiff has performed all obligations to Defendants, and each of them, except those obligations Plaintiff was prevented or excused from performing.

24.     Plaintiff suffered damages proximately caused by Defendants' breaches in accordance to proof at trial.

THIRD CAUSE OF ACTION

VIOLATION OF RESPA – QWR

25.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

26.     State Farm is a Federal Savings Bank lender and servicer and is subject to Real Estate Settlement Practice Act ("RESPA")

27.     · As part of RESPA, borrowers are entitled to submit Qualified Written Request ("QWR") for dispute inaccuracy of their mortgage loan account.

28.     Plaintiff submitted said writing, which qualified as QWR, asking State Farm to correct the error under 12 C.F.R. §§ 1024.36, 1024.35.

29.     In or around 2019, despite admitting the error, State Farm has not refunded the overpayment.

30.     Under RESPA, State Farm must give Plaintiff the information or fix the mistake by a particular deadline, and give Plaintiff contact information so that you can get further help.

31.     Due to Stat Farm's failure to comply with RESPA's requirements, Plaintiff may recover any actual damages, additional damages not to exceed $2,000 (if a pattern or practice of servicer noncompliance exists), and attorneys' fees and costs. (12 U.S.C. §§ 2605(f)(1), 2605(f)(3)).

## ON ALL CAUSES OF ACTION:

1. For damages according to proof at trial;

2. For additional statutory damage of $2,000;

3. For prejudgment interest of 10% from October 2018;

4. For reasonable attorneys' fees;

5. For costs of suit incurred herein;

6. For such other relief as the Court deems just and proper; and

7. Fur such other and further relief as the Court may deem just and proper.

Date September 14, 2020        /s/ Randy Chang

_____
Randy Chang
Attorney for Plaintiff

# EXHIBIT 2

# SERVICE OF PROCESS

**Questions regarding the attached Service of Process should be directed to the person/section of the Law Department checked in the bottom section below.**

The attached papers were:

    ☑ *Personally served upon:*

| | |
|---|---|
| *Marsha Brewer* | *Doug Nenne* |
| *Susie Clark* | *Tina Weis* |
| *Tami Jackman* | *Denise Kline* |
| *Wendy Wunderle* | *Sally Olsen* |

Or

    ☐ *Received by mail in the Office of the Corporate Secretary*

On (date)____10/21/20____  11:45am

After receipt, the attached papers were then forwarded to one of the following sections of the

**Law Department**:

    ☐ **Summons / Subpoenas - Litigation Coordinators**

        Jason Cook (alias JOWG) 309-735-0796

        Susie Clark (alias RXQG) 309-766-0558

        Other_____

    ☑ **Summons (SF Bank) - Bank Section**

        Cathy Hamm (alias G5V2) 309-766-0793

        Other_____

    ☐ **Summons / Garnishment of Wages - HR/Agency & Counseling Section**

        Lisa Craghead (alias NHW8) 309-766-1936

        Other_____

    ☐ **Summons / Foreclosures**

        Vicki Nettleingham (alias HQXH) 309-766-7989

\*Executive Staff
- Michael Tipsord
- Kristyn Cook-Turner
- Jon Farney
- Chris Schell
- Rand Harbert
- Steve McManus
- Joe Monk
- Mary Schmidt
- Paul Smith
- Cathy Wallace

## Exception Process for Service on Executive Staff as Individuals

This process applies only when service is attempted on individual members of the Executive Staff and a State Farm entity is not also named.

1. The individual meeting the process server will not accept the document but advise they will check to see if an exception can be made in this situation.
2. Without accepting the document, write down the case name, document type (e.g., subpoena, complaint, 30(b)(6) notice) and the name of the individual on whom service is attempted.
3. Communicate the information obtained in Step 2 to the litigation team lead paralegals Jen Hybarger or Allie Parks.
4. The litigation paralegal will research to determine if this relates to a current matter and provide the results to a litigation team lead for review, including cc's to the Office Services Supervisors, Denise Kline and Tina Weis.
5. The litigation team lead will review, provide any additional comments, and forward to Rod Dierker and Kate Lyons with a cc to the litigation paralegal and Office Services Supervisors Denise Kline and Tina Weis.
6. Rod or Kate will contact the specific executive to determine if the individual agrees to allow us to accept service of the specific document.
7. Rod and Kate will communicate the response to Denise Kline and Tina Weis with a cc to the litigation paralegal and team lead.
8. The Office Services team will document the decision on whether an exception can be made in the matter and communicate that to the process server at the next service attempt.

# EXHIBIT 3

ELECTRONICALLY FILED
11/12/2020 5:40 PM
Kern County Superior Court
By Rebecca Polson, Deputy

SHERMAN M. SPITZ, Esq. (SBN 82944)
sspitz@bergerkahn.com
DALE A. AMATO, Esq. (SBN 137965)
damato@bergerkahn.com
BERGER KAHN, A Law Corporation
1 Park Plaza, Suite 340
Irvine, California 92614
Tel: (949) 474-1880 • Fax: (949) 313-5029

Attorneys for Defendant STATE FARM BANK, F.S.B.

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF KERN

|  |  |
|---|---|
| PAMELA S. GRAZER, | CASE NO. BCV-20-102260 |
| Plaintiff, | **STATE FARM BANK, F.S.B.'S ANSWER TO COMPLAINT** |
| vs. | |
| STATE FARM BANK, F.S.B; and DOES 1-10, | |
| Defendants. | |

BERGER KAHN
*A Law Corporation*

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

Defendant State Farm Bank, F.S.B. ("SFB") answers the plaintiff, Pamela Grazer's ("Grazer") complaint as follows:

## GENERAL DENIAL

1.     Pursuant to the provisions of California Code of Civil Procedure section 431.30(d), SFB hereby denies generally and specifically, conjunctively and disjunctively, each and every allegation contained in the complaint.

## FIRST DEFENSE

2.     The complaint and all causes of action alleged in the complaint fail to state facts sufficient to constitute any cause of action against SFB.

## SECOND DEFENSE

3.     The First Cause of Action for Breach of Contract fails to state facts sufficient to constitute a cause of action against SFB.

## THIRD DEFENSE

4.     The Second Cause of Action for Breach of the Implied Covenant of Good Faith and Fair Dealing fails to state facts sufficient to constitute a cause of action against SFB.

## FOURTH DEFENSE

5.     The Third Cause of Action for Real Estate Settlement Practice Act ("RESPA") fails to state facts sufficient to constitute a cause of action against SFB.

## FIFTH DEFENSE

6.     SFB is informed and believes and thereon alleges that the plaintiff failed to take reasonable steps to mitigate their damages, if any, and therefore, cannot recover against State Farm.

BERGER KAHN
*A Law Corporation*

1

## SIXTH DEFENSE

7.     SFB hereby alleges that plaintiff engaged in conduct and activity that constitutes a waiver of, or otherwise waived, any alleged claims for recovery or causes of action as set forth in the complaint.

## SEVENTH DEFENSE

8.     The plaintiff is estopped from asserting the claims in the complaint.

## EIGHTH DEFENSE

9.     The complaint is barred by the doctrine of unclean hands.

## NINTH DEFENSE

10.     SFB hereby alleges the plaintiff's claims for recovery are barred, in whole or in part, by the appropriate statute and/or contractual limitations period, including, but not limited to, Sections 335, 337, 338, 339, 340 and/or 343 of the California Code of Civil Procedure as well as 12 U.S.C. §2605.

## TENTH DEFENSE

11.     SFB hereby alleges plaintiff's claims for recovery are barred, in whole or in part, by the provisions of California Insurance Code section 533.

## ELEVENTH DEFENSE

12.     SFB is informed and believes and thereon alleges that the communications referenced in the complaint were not Qualified Written Requests pursuant to 12 U.S.C. §2605, et esq.

## TWELVETH DEFENSE

13.     SFB is informed and believes and thereon alleges that it timely and appropriately responded to the plaintiff alleged Qualified Written Request pursuant to 12 U.S.C. §2605, et esq.

BERGER KAHN
A Law Corporation

2

STATE FARM BANK'S ANSWER TO COMPLAINT

**THIRTEENETH DEFENSE**

14.     SFB is informed and believes and thereon alleges that the incidents referred to in the complaint, and the damages, if any, sustained by the plaintiff herein, were caused solely by the misconduct of persons or entities other than SFB.

**FOURTEENTH DEFENSE**

15.     SFB is informed and believes and thereon alleges that the incidents referred to in the complaint, and the damages, if any, sustained by the plaintiff herein, were caused solely by the misconduct of the plaintiff.

**FIFTEENTH DEFENSE**

16.     SFB hereby alleges that to the extent the plaintiff seeks punitive damages, this request violates SFB's right to procedural and substantive due process, violates SFB's right to protection from excessive fines, and denies SFB equal protection under the United States Constitution and the California Constitution.

**SIXTEENTH DEFENSE**

17.     SFB hereby alleges that it is continuing to investigate the claim and its investigation is reasonable and necessary in order to determine to what extent further benefits, if any, are owed under the policy.

**SEVENTEENTH DEFENSE**

18.     SFB hereby alleges that it may rely upon other defenses which may become apparent during discovery in this matter, and/or which may be legally available to SFB, and hereby reserves its right to amend or supplement this answer to assert other defenses.

///
///
///
///
///
///

STATE FARM BANK'S ANSWER TO COMPLAINT

BERGER KAHN
*A Law Corporation*

1

## **PRAYER FOR RELIEF**

2

**WHEREFORE**, SFB prays as follows:

3      1.      That the plaintiff takes nothing by reason of the complaint on file herein;

4      2.      That judgment be entered in favor of SFB and against the plaintiff with

5 SFB recovering the costs of suit incurred herein; and

6      3.      For such other and further relief as this Court deems just and proper.

7

8 DATED:  November 12, 2020                    BERGER KAHN, A Law Corporation

9                                              By: /s/ Dale A. Amato
                                                   DALE A. AMATO
10                                                 Attorney for Defendant STATE
                                                   FARM BANK, F.S.B.
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STATE FARM BANK'S ANSWER TO COMPLAINT

*Grazer v. State Farm Bank, F.S.B.*
Kern County Superior Court Case No. BCV-20-102260

## CERTIFICATE OF PROOF OF SERVICE

I am employed in the County of San Diego, State of California.  I am over the age of 18 and not a party to the within action. My business address is: Berger Kahn, 10085 Carroll Canyon Road, Suite 210, San Diego, California 92131.

On **November 12, 2020** I served the foregoing documents described as:

### STATE FARM BANK, F.S.B.'S ANSWER TO COMPLAINT

on the interested parties in this action:

> Randy Chang, Esq.
> The Chang Firm
> 7755 Center Avenue, Suite 1100
> Huntington Beach, CA 92647
> Tel: 818-599-8095
> Fax: 866-541-8491
> e-mail: Randyc@thechangfirm.com
>
> *Attorney for Plaintiff Pamela Grazer*

[X]   **(BY ELECTRONIC SERVICE)** I caused the above document to be sent to the listed addressee(s) in the attached service list via e-mail through electronic filing service provider One Legal.

[X]   **(STATE)** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on **November 12, 2020** at San Diego, California.

/s/ Ashley M. Rodriguez
**Ashley M. Rodriguez**

*Grazer v. State Farm Bank, F.S.B.*
USDC Case No.:

## <u>CERTIFICATE OF PROOF OF SERVICE</u>

I am employed in the County of San Diego, State of California.  I am over the age of 18 and not a party to the within action. My business address is: Berger Kahn, 10085 Carroll Canyon Road, Suite 210, San Diego, California 92131.

On <u>November 16, 2020</u> I served the foregoing documents described as:

## **DEFENDANT STATE FARM BANK, F.S.B.'S PETITION FOR REMOVAL PURSUANT TO 28 U.S.C. §1441**

on the interested parties in this action:

> Randy Chang, Esq.
> The Chang Firm
> 7755 Center Avenue, Suite 1100
> Huntington Beach, CA 92647
> Tel: 818-599-8095
> Fax: 866-541-8491
> e-mail: Randyc@thechangfirm.com
>
> *Attorney for Plaintiff Pamela Grazer*

☒ **(BY CM/ECF SYSTEM)** I caused such document to be electronically filed today with the Clerk of the Court by way of the electronic filing system, which will send notification that such filing is available for viewing and downloading to all counsel of record electronically as required by the Court in this matter.

☒ **(FEDERAL)** I declare under penalty of perjury under the laws of the United States of America California that the foregoing is true and correct.

Executed on <u>November 16, 2020</u> at San Diego, California.

/s/ Ashley M. Rodriguez
**Ashley M. Rodriguez**

BERGER KAHN
*A Law Corporation*

1
**PROOF OF SERVICE**